UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN WOHLRABE,

        Plaintiff,

        v.        Case No. 25-cv-0284-bhl

MILTON L. CHILDS,

        Defendant.

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff Nathan Wohlrabe, who is currently confined at the Mendota Mental Health Institute, brought a civil action under 42 U.S.C. §1983, alleging that his civil rights were violated. On March 5, 2025, Wohlrabe filed a motion for leave to proceed without prepaying the $405 filing fee (*in forma pauperis*). In his motion, Wohlrabe asserts that his wife owns a car worth about $20,000, and they own a home valued at about $240,000. He also states that he has about $9,000 in cash or a savings/checking account. Finally, he clarifies that his wife works[1] and takes care of their son, and he does not want to add stress to her life with expenses for legal matters because she must provide for their family while he is confined. For the reasons explained below, the Court will deny Wohlrabe's motion to proceed *in forma pauperis*.

The Court has authority to allow a plaintiff to proceed without prepaying the full filing fee if it determines that the plaintiff is unable to pay the costs of commencing the action. *See* 28 U.S.C. §1915(a)(1). Based on the facts Wohlrabe provides about his financial resources, the Court

---

[1] In *Wohlrabe v. Brown*, Case No. 24-cv-1321 (E.D. Wis.), Wohlrabe recently represented under penalty of perjury that his wife earns about $4,500 per month and he expects to earn about $4,100 per month in disability payments. *See* Case No. 24-cv-1321, Dkt. No. 49.

cannot find that he is indigent, as he lists household income and assets that are sufficient to facilitate payment of the $405 civil filing fee. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the Court's authority to grant motions seeking leave to proceed without prepaying the filing fee "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Wohlrabe's household income and assets preclude his inclusion in that group of litigants, so his motion to proceed without prepaying the civil case filing fee must be denied.

Finally, the Court advises Wohlrabe that, pursuant to 28 U.S.C. §1915A, even if he pays the filing fee, the Court may dismiss this case if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, e.g., John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990) (explaining that "a judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors").

**IT IS THEREFORE ORDERED** that Wohlrabe's motion for leave to proceed without prepaying the filing fee (Dkt. No. 3) is **DENIED**. If Wohlrabe wants to proceed with this action, he must pay the $405 civil case filing fee by **April 2, 2025.** If Wohlrabe does not pay the filing fee by the deadline, the Court will dismiss this action based on his failure to pay the filing fee.

Dated at Milwaukee, Wisconsin on March 13, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
